# PD-0615-15

Randall Bolivar # 1719379
Ellis Unit
1697 FM 980
Huntsville, Texas 77343

May 13, 2015

Texas Court of Criminal Appeals
Clerk of the Court
P.O. Box 12308, Capitol Station
Austin, Texas 78711

*VIA CERTIFIED MAIL*
*7014 0510 0001 2015 1600*

RE: MOTION FOR LEAVE TO FILE OUT OF TIME PDR

REF: COA NO. 13-11-00397-CR; RANDALL BOLIVAR V. STATE OF TEXAS
    Tr. Ct. No. 09-CR-2869-A; STATE OF TEXAS V. RANDALL BOLIVAR

Dear Clerk of the Court:

   Enclosed please find for filing with the Court my Motion for Leave to File
Out of Time PDR.

   Thank you for your time and efforts. God Bless You!

                                        Respectfully Submitted,

                                        *[signature]*

                                        Randall Bolivar, Pro Se


cc:

   Cameron County DA's Office
   State Prosecuting Attorney    *VIA CERTIFIED MAIL 7014 0510 0001 2015 1184*
   Lisa Greenberg, Attorney
   File
   13TH COA
   107TH District Court

FILED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk


RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 21 2015

Abel Acosta, Clerk

CAUSE NO. _____

.IN THE

.COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | |
|---|---|
| RANDALL BOLIVAR,<br>    Petitioner | §<br>§  COA NO. 13-11-00397-CR<br>§  13TH COURT OF APPEALS |
| vs. | §<br>§  Tr. Ct. No,.09-CR-2869-A |
| THE STATE OF TEXAS,<br>    Respondent | §  107TH District Court<br>§ |

---

MOTION FOR LEAVE TO FILE OUT OF TIME PDR

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Randall Bolivar, Petitioner Pro Se, and respectfully moves the

Court to grant him leave to file an out of time petition for discretionary

review in the Court of Criminal Appeals, and in support shows:

FACTS

1. Appellant filed a pre-trial writ of habeas corpus, and a hearing was held June 14, 2011. (RR-16)

2. The trial court denied the relief requested, and an interlocutary appeal ensued. ( Thirteenth Court of Appeals, Cause No. 13-11-00397-CR)

3. The Thirteenth Court of Appeals delivered a published opinion, by Justice Gregory T. Perkes, on November 1, 2012. The case is cited as EX PARTE RANDALL BOLIVAR, 386 S.W.3d 338 (Tex. App. Corpus Christi 2012).

4. Appellate counsel wrote Appellant on November 3, 2012 to notify Appellant of the appellate court's affirmation, but did not make any reference to a Petition for Discretionary Review. (See communication from counsel)attached)

5. Appellant first became aware of his right to a PDR in the instant case on May 11, 2015 while reviewing the Texas Rules of Appellate Procedures in anticipation of having to respond to any brief or objection filed by the State in response to the Writ of Mandamus and Stay of Proceedings filed by Petitioner just a few days before.

6. Appellant has never received the Appellate Brief, nor the trial court's order of denial in the underlying case, so as to properly appeal.

7. Appellant has never been advised of his rights under Rule 68, TRAP, as required under Rule 48.4, TRAP, and the record supports his claim.

ARGUMENT

Appellant argues he is entitled to file an out of time petition for discret-

ionary review due to counsel's failure to inform him of his rights pursuant to

Rules 66 and 68, TRAP, as required under Rule 48.4, TRAP. The Clerk's Record

(1/2)

for the Thirteenth Court of Appeals will affirmatively support Appellant's claim that he was not counseled on his right to a PDR, as there is no copy of a certified mail being filed with the court, as required under Rule 48.4, TRAP. Therefore, Petitioner retains his right to seek leave to file am out of time PDR, and further prosecute the denial of his writ of habeas corpus.

## PRAYER FOR RELIEF

Wherefore, premises considered, Petitioner prays this Honorable Court will grant leave to file an out of time PDR in Cause No. 13-11-00397-CR, from the Thirteenth Court of Appeals.

Respectfully Submitted,

Randall Bolivar, Pro Se
Petitioner
Ellis Unit, TDCJ # 1719379
1697 FM 980
Huntsville, Texas 77343

### Verification

STATE OF TEXAS §
§
COUNTY OF WALKER §

### AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO FILE OUT OF TIME PDR

I, Randall Bolivar, being presently incarcerated within TDCJ-CID, O.B. ELLIS Unit, located in Walker County, Texas, declare under penalty of perjury without the United States, that I have read the above-noted motion, and that every allegation and fact stated therein and herewith are true, correct and complete pursuant to Title 28 USC § 1746 (1).

EXECUTED ON MAY 13, 2015.

_____
Randall Bolivar, Affiant

### CERTIFICATE OF SERVICE

I, Maria S. Rey, certify that a true and correct copy of the above and foregoing document has been served on opposing counsel for the State via hand-delivery, fax, or first class mail at Cameron County DA's Office, 964 E. Harrison St., Brownsville, Texas 78520; and State Prosecuting Attorney, P.O. Box 13046, Austin, Tx. 78711

Signed and served on May /8 , 2015.

_____
Maria S. Rey

### NOTICE TO ALL PARTIES

All concerned and interested parties have ten (10) days to rebut this affidavit under penalty of perjury, and sworn oath by Notary Public, point-for-point, and to transmit said rebuttal to Affiant USPS, Certified Mail, RRR, signed and dated by affiant within (10) days of receipt.

You have received a **jpay** letter, the fastest way to get mail

From : Lisa  Greenberg,  CustomerID: 4074939
To (Inmate):  RANDALL BOLIVAR, ID: 01719379
Date :  11/3/2012 10:04:15 AM EST,    Letter ID: 43334950
Location :  ML

Confidential and Privileged

Attorney/Client Communication

Unauthorized persons are prohibited from viewing or using this communication in any way.  If you have received this message and are not the intended recipient, please contact me immediately and then immediately delete the message without saving, printing, or forwarding it.

Hi Randall,

I hope this letter finds you well and safe and sound. Unfortunately, it does not bear good news. The 13th Court of Appeals ruled on our pretrial writ of habeas corpus on Thursday, affirming the trial court. I was in court and got the message, and saved the opinion to read thoroughly yesterday.  I have now read the opinion and will share with you the important part of it's contents.   They hung their hat on the fact that no "fact finding" was made at the trial court level.  They said that because Trey Garza did not argue that at trial court level, I could not argue that in my appeal. I did argue findings of fact were made.
 They also seemed to make a great issue of the fact that at the MTS, you and Mr. Flynn argued you wanted your day in court. So they are so generously giving it to you (I'm sorry for my sarcasm, but we have a terrible court of appeals who is made up of a bunch of Republican Civil Lawyers, who are weanies and will do anything to not overturn a criminal case).

Here are some important portions of the opinion:

To determine whether collateral estoppel bars a subsequent prosecution....a cout must determine 1) exactly what facts were necessarily decided in the first proceeding; and 2) whether those necessarily decided facts constitute essential elements of the offense in the second trial. (test they use).

In the appeal, I argued that the Judge's comments amount to an adverse fact finding to the state.  This is he portion where Judge Hernandez says that the state came up short on evidence, hence her not true finding.

The court of appeals says:  We first note that appellant's argument on appeal, that the Kleberg County district court's comments during sentencing constituted a fact finding adverse to the State on the murder allegation, was not preserved for our review because appellant did not make this argument in the Cameron County district court.

They say that they disagree with us that a fact finding was made.  Docket entry only says "not true".  Because there were many counts alleged in the motion to revoke probation, the court says it was unnecessary for the district court to make any additional findings regarding the other revocation grunds alleged.

So, basically, they argue that the Cameron County district court's decision was correct because appellant did not meet his burden of demonstrating that the kleberg county court made a fact finding adverse to state.

Okay, so there it is. Hopefully, you have a full copy of the opinion from the 13th court of appeals.

I'm going to give you some time to digest this, as I took a day or two myself, and then we must move forward.
I am going to be completely frank with you here. Luis wants to withdrawal from your case due to lack of payment. Trust me, I know how hard the financial situation has been for you and your family, with Rudy's trial fees, etc. I want to appeal this case to the Court of Criminal Appeals. I also want to try the case, but I don't feel comfortable doing so alone. I need Luis's experience with murder trials and his familiarity with Brownsville.  If there is no money available, we could try to get appointed to the murder case, but that is highly unlikely as you took Trey Garza off of his appointment. Pate did appoint us to your other cases though.

**jpay** Tell your friends and family to visit www.jpay.com to write letters and send money!

*You have received a* **jpay** *letter, the fastest way to get mail*

From : Lisa Greenberg, CustomerID: 4074939
To (Inmate): RANDALL BOLIVAR, ID: 01719379
Date : 11/3/2012 10:04:15 AM EST,    Letter ID: 43334950
Location : ML

I want to see this through as I am committed to your case, but I am a bit stuck between a rock and a hard place. I still feel just as passionate about this case and the law as I did the first day Chad brought it to me. I am ready to submit motions to the district court because the Cameron County DA has not provided us with any discovery, we do not have any deal made to Rolando or Rudy, and we do have a signed motion on both stating for the state to provide those. I am also prepared to get ready to try this case. The problem is, the situation may have changed based on what Rudy's statement says.

I will await word from you.

Thanks Randall, take care,
Lisa